IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

LEODITUS ARAMUS SMITH,

        Movant,

v.                                         CIVIL ACTION NO. 3:10-1398
                                                  (Criminal No. 3:09-00158-06)

UNITED STATES OF AMERICA,

        Respondent.

**ORDER**

Currently pending before this Court is a *pro se* Petition for a Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2255. (ECF No. 425). In his Petition, LeoDitus Aramus Smith challenges his 2009 guilty plea to conspiracy to distribute 50 grams or more of cocaine base and a quantity of heroin, in violation of 21 U.S.C. § 846. This action was referred to the Honorable Cheryl A. Eifert, United States Magistrate Judge, for submission to this Court of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). On June 27, 2012, the Magistrate Judge submitted her Proposed Findings and Recommendations in which she recommends that Movant's Petition be denied (ECF No. 469). Upon motion, the Court granted Movant an extension of time for him to file objections until on or before July 30, 2012. Having not received any objections by that date, the Court adopted the Proposed Findings and Recommendations of the Magistrate Judge, denied Movant's Petition, and dismissed this case from the docket of the Court on August 10, 2012. On September 24, 2012, Movant filed his current motion for "Reconsideration . . . Based on the Fact that the Court Never Received Timely Filed Objection to Magistrate Judges Report and Recommendation to Dismiss." (ECF No. 478).

In his motion, Movant asserts he timely objected, although his objections were not received by the Court. Based upon Movant's representation that he timely sent his objections, the Court grants his motion to the extent he asks for the Court to consider them. Nevertheless, for the following reasons, the Court finds the objections to be without merit.

The Court reviews any portion of the Magistrate Judge's report to which objections are made *de novo*, but to those portions of the report to which no objection is made, the Magistrate Judge's Findings and Recommendations will be upheld unless they are "clearly erroneous" or "contrary to law." *See* 28 U.S.C. § 636(b)(1); *Webb v. Califano*, 468 F. Supp. 825, 828 (E.D. Cal. 1979) (citing 28 U.S.C. § 636(b)(1)(A)). In this case, Movant raises six general objections.

First, Movant asserts he did not make a knowing and voluntary guilty plea as it was the product of coercion and violated his due process rights. Movant argues his counsel should have demanded a bill of particulars or challenged the sufficiency of the indictment because the indictment did not contain a statutory reference, drug identification, or drug weight, and he was not given fair notice of the offense. The Court finds absolutely no merit to Movant's argument. Count One clearly states that Movant was charged with conspiracy to violate 21 U.S.C. § 841(a)(1), that is knowingly and intentionally distributing 50 grams or more of cocaine base and a quantity of heroin in violation of 21 U.S.C. § 846. In addition, Movant signed a plea agreement which set forth the charge and the maximum potential penalty for committing the offense, and the Court fully explained the charge and the potential penalties at the plea hearing. The Movant admitted to the offense at the hearing, and he stated he understood both the charge against him and the contents of the plea agreement. Therefore, the Court denies this objection.

Second, Movant argues that his counsel was ineffective because he did not understand the essential elements of the charge as explained in *DePierre v. United States*, 131 S. Ct. 2225 (2011). Again, the charge and elements of the offense were fully explained to Movant at the plea hearing. Moreover, as noted by the Magistrate Judge,[1] *DePierre* is completely irrelevant to the present case as it held "the term 'cocaine base' as used in § 841(b)(1) means not just 'crack cocaine,' but cocaine in its chemically basic form." 131 S. Ct. at 2237. In this case, Movant admitted to conspiring to distribute 50 grams or more of crack cocaine so the fact the United States Supreme Court has clarified that "cocaine base" also includes "cocaine in it chemically basic form" is immaterial to this case.

Movant's third through sixth objections consist of claims of ineffective assistance because his counsel he did not challenge the career offender enhancement, the Court's jurisdiction, a managerial role enhancement, and the 100:1 crack to powder cocaine ratio. The Magistrate Judge fully explained this Court's jurisdiction, why Movant qualifies as a career offender, and why the managerial role enhancement applies in the Proposed Findings and Recommendations. The Court agrees with these findings. The Court further notes that, irrespective of his objections to the managerial role enhancement and the crack to powder cocaine ratio, the Movant's base offense level, before acceptance, was 37 because of his career offender status. Thus, these two objections do not impact Movant's Guideline range because they resulted in a total adjusted base offense, before acceptance, of 37, which is the same as his career offender level.

---

[1] *See Proposed Findings and Recommendations*, at 2 n.1.

Therefore, after careful consideration, the Court **GRANTS** Movant's motion to the extent he asks the Court to consider his objections but, upon review, **DENIES** the objections. Accordingly, the Court **ADOPTS** and **INCORPORATES** the portions of the Magistrate Judge's Proposed Findings and Recommendations to which no objection is filed, **ADOPTS** and **INCORPORATES** the portions to which Movant objects, **DENIES** Movant's Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 (ECF No. 425), **DENIES** his Motion to Supplement Pleadings (ECF No. 466), and **DISMISSES** this action **WITH PREJUDICE** from the docket of the Court.

The Court additionally has considered whether to grant a certificate of appealability. *See* 28 U.S.C. § 2253(c). A certificate will not be granted unless there is "a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). The standard is satisfied only upon a showing that reasonable jurists would find that any assessment of the constitutional claims by this Court is debatable or wrong and that any dispositive procedural ruling is likewise debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683-84 (4th Cir. 2001). The Court concludes that the governing standard is not satisfied in this instance. Accordingly, the Court **DENIES** a certificate of appealability.

The Court **DIRECTS** the Clerk to send a copy of this Order to Magistrate Judge Eifert, counsel of record, and any unrepresented parties.

ENTER:       November 29, 2012

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE